# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

THE TRUSTEES OF THE TILE, MARBLE & TERRAZZO INDUSTRY INSURANCE FUND; TILE, MARBLE & TERRAZZO INDUSTRY VACATION FUND; TILE, MARBLE & TERRAZZO INDUSTRY JOINT TRAINING FUND; TILE, MARBLE & TERRAZZO INDUSTRY PROMOTION FUND; TILE, MARBLE & TERRAZZO INDUSTRY WORKING DUES FUND; TILE, MARBLE & TERRAZZO INDUSTRY SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PPA FUND; TILE, MARBLE & TERRAZZO INDUSTRY ANNUITY FUND; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL MASONRY INSTITUTE; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL DUES FUND; DETROIT & VICINITY TROWEL TRADES HEALTH AND WELFARE FUND; and BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 2;

        Plaintiffs,

vs.

Case No.
Hon.

SHOCK BROTHERS FLOORCOVERING, INC., a Michigan corporation; CHARLES J. SHOCK, an individual, jointly and severally; and DANIEL SHOCK, an individual, jointly and severally,

        Defendants.

---

NOVARA TESIJA CATENACCI
MCDONALD & BAAS P.L.L.C.
Edward J. Pasternak (P58766)
Maggie Kelly (P84500)
Attorneys for Plaintiffs
888 West Big Beaver Road, Suite 600
Troy, MI 48084
(248) 354-0380
ejp@novaralaw.com
mek@novaralaw.com

---

## COMPLAINT

**NOW COME** the Plaintiffs, by their attorneys, Novara, Tesija, Catenacci, McDonald & Baas P.L.L.C., and as and for a cause of action against the Defendants, allege and show to the Court as follows:

1.    Plaintiffs, the Trustees of the Tile, Marble & Terrazzo Industry Insurance Fund; Tile, Marble & Terrazzo Industry Vacation Fund; Tile, Marble & Terrazzo Industry Joint Training Fund; Tile, Marble & Terrazzo Industry Promotion Fund; Tile, Marble & Terrazzo Industry Working Dues Fund; Tile, Marble & Terrazzo Industry Supplemental Unemployment Benefit Fund; Bricklayers and Trowel Trades International Pension Fund; Bricklayers and Trowel Trades International PPA Fund; Tile, Marble & Terrazzo Industry Annuity Fund; Bricklayers and Trowel Trades International Masonry Institute; Bricklayers and Trowel Trades International Dues Fund; and the Detroit & Vicinity Trowel Trades Health & Welfare Fund (hereinafter "Funds") are each jointly trusteed funds in the tile, marble and terrazzo industry which were established pursuant to Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186, and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145.  The Trustees bring this action on behalf of themselves, the Funds and the Funds' participants.

2.    The Bricklayers and Allied Craftworkers Local Union No. 2 ("BAC Local 2" or the "Union") is a labor organization, as defined in Section 451 of the National Labor Relations Act, 29 U.S.C. § 152 (5), with its principal offices located at 21031 Ryan Road, Warren, MI 48091.

3.      Upon information, knowledge and belief, Shock Brothers Floorcovering, Inc. is a Michigan corporation (hereinafter "Shock Brothers") whose address is 20320 Cornillie Dr., Roseville, MI 48066.

4.      Upon information, knowledge and belief, Charles J. Shock, an individual, is an officer, owner, or director of Shock Brothers, and does business at 20320 Cornillie Dr., Roseville, MI 48066.

5.      Upon information, knowledge and belief, Daniel Shock, an individual, is an officer, owner, or director of Shock Brothers, and does business at 20320 Cornillie Dr., Roseville, MI 48066.

6.      Jurisdiction of this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law. This Court also has pendent jurisdiction of any state-law claims ancillary to the relief sought herein.

7.      Venue lies in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Plaintiff Funds are administered in Oakland County, Michigan.

8.      Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act that violates ERISA or to obtain other appropriate legal and equitable relief.

## FACTUAL ALLEGATIONS

9.      For all times relevant, Shock Brothers has been and remains signatory to the Tile, Marble & Terrazzo Independent Collective Bargaining Agreement ("CBA") with the Union.

**(Exhibit 1, B.A.C. Local No. 1 Tile, Marble & Terrazzo Independent Contractors CBA)[1]**
**(Exhibit 2, B.A.C. Local No. 2 Tile, Marble & Terrazzo Contractors CBA) (Exhibit 3,**
**Signature Page to CBA between Shock Brothers and B.A.C. Local 2 predeceesor BAC**
**Local 32).**

10.     By signing the CBA between the Union and Shock Brothers, to which the Funds are third-party beneficiaries, Shock Brothers agreed to make timely employee fringe benefit contributions to the Funds for each employee covered by the CBA ("Employees") and to be bound by the terms and conditions set forth in the Funds' Trust Agreements ("Agreements"). **(Exhibit 4, Trust Agreements).**

11.     As an owner and operator with discretionary control over Shock Brothers' day-to-day operations, Charles Shock is responsible for Shock Brothers' compliance with its contractual and statutory obligations to the Plaintiffs, for ensuring the company is properly capitalized, following business formalities, and ensuring its fringe benefit contributions are paid.

12.     In operating Shock Brothers, Defendant Charles Shock (a) failed to follow business formalities, (b) knowingly failed to adequately capitalize the business in a manner causing a failure to remit fringe benefit contributions to the Plaintiffs, and (c) committed fraud by divesting monies from the business while failing to make fringe benefit contributions to Plaintiffs.

13. As a result of these failures, Defendant Charles Shock has purposefully avoided paying required fringe benefit contributions to the Funds by converting monies paid to Shock Brothers for his personal use and/or use by Shock Brothers.

---

[1] BAC Local 1 has been merged into BAC Local 2, along with Local 9; however, they maintain independent fringe benefit funds with separate collective bargaining agreements.

14.     As an owner and operator with discretionary control over Shock Brothers' day-to-day operations, Daniel Shock is responsible for Shock Brothers' compliance with its contractual and statutory obligations to the Plaintiffs, for ensuring the company is properly capitalized, following business formalities, and ensuring its fringe benefit contributions are paid.

15.     In operating Shock Brothers, Defendant Daniel Shock (a) failed to follow business formalities, (b) knowingly failed to adequately capitalize the business in a manner causing a failure to remit fringe benefit contributions to the Plaintiffs, and (c) committed fraud by divesting monies from the business while failing to make fringe benefit contributions to Plaintiffs.

16.     As a result of these failures, Defendant Daniel Shock has purposefully avoided paying required fringe benefit contributions to the Funds by converting monies paid to Shock Brothers for his personal use and/or use by Shock Brothers.

17.     The individual Defendant, Charles Shock, is a plan fiduciary due to his exercise of authority and control over the Funds' assets, within the meaning of ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

18.     The individual Defendant, Daniel Shock, is a plan fiduciary due to his exercise of authority and control over the Funds' assets, within the meaning of ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

<u>COUNT I</u>
<u>ERISA: DELINQUENT CONTRIBUTIONS</u>

19.     Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 17 as fully set forth herein.

20.     Pursuant to the Tile, Marble and Terrazzo Collective Bargaining Agreement between Shock Brothers and BAC Local 2, Defendants are required and agreed to make timely fringe benefit contributions to the Funds, to submit their pertinent books and records for periodic audits by the Funds, and to be bound by the terms and conditions of the Trust Agreements. **(Exhibit 4).** A copy of the signature page is in the hands of the Employer, and is attached hereto. **(Exhibit 3).**

21.     The Funds are third-party beneficiaries of the CBA.

22.     Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

23.     The Funds have been damaged in an amount of $67,084.90 as found by an audit dated August 6, 2021 (the "Audit") of which the full balance is still outstanding (See Audit attached hereto as **Exhibit 5** and made a part hereof by reference).

24.     Shock Brothers has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee under the CBA**.**

25**.**     As a result of the violations of its contractual and statutory obligations, Shock Brothers has violated ERISA, the CBA, and the relevant Trust Agreements, and Plaintiffs are entitled to all remedies and relief provided under 29 U.S.C. § 1132 and the CBA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

a.  Enter a judgment in the Plaintiffs' favor against Shock Brothers for $67,084.90, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due the Funds during the pendency of this action;

b.  That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

c.  Any such other, further or different relief as may be just and equitable under the circumstances.

<u>**COUNT II:**</u>
<u>**VIOLATION OF MICHIGAN BUILDING CONTRACT FUND ACT**</u>

26.  Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 25 as fully set forth herein.

27.  Employer is a subcontractor engaged in the building and construction industry.

28.  Upon information, knowledge and belief, Employer was paid for labor or materials provided on various construction projects in the State of Michigan.

29.  Participants of the Funds were employed by Employer to perform work on these various construction projects in the State of Michigan.

30.  Shock Brothers has failed to pay all of the fringe benefit contributions owed the Funds and their participants on said projects, and has instead used those funds for other purposes, including but not limited to, paying other creditors.

31.  The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

32.     Under the Act, Employer and individual Defendants Charles Shock and Daniel Shock are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to the Employer on said projects.

33.     The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.      Enter a judgment in the Plaintiffs' favor against Shock Brothers, Charles Shock, and Daniel Shock for $67,084.90 together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs; and any other sums as may become due during the pendency of this action;

b.      That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

a.      Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT III
## BREACH OF FIDUCIARY DUTIES

34.     Plaintiffs hereby reallege and incorporate the allegations of Paragraphs 1 through 33 of their Complaint as fully set forth herein.

35.     Participants of the Funds were employed by Shock Brothers to perform work on various construction projects in the State of Michigan.

36.     The construction projects were within the Union's jurisdiction pursuant to the CBA executed by the parties.

37.     The participants of the Funds provided labor and services, on behalf of Shock Brothers, pursuant to the parties' CBA and thus earned outstanding fringe benefit contributions in connection with and in furtherance of their employment and labor on said projects.

38.     Shock Brothers, and ultimately all Defendants, were obligated to pay fringe benefit contributions to the Funds for these participants on said projects.

39.     The outstanding accrued fringe benefit contributions were payable to the Funds administered by Plaintiffs when due.

40.     Shock Brothers received monies on said projects but failed to pay all of the fringe benefit contributions owed the Funds on said projects when due.

41.     The accrued fringe benefit contributions and monies in Shock Brothers and Defendants' possession, custody and/or control from said projects which were available to pay the participants' accrued fringe benefit contributions were to be held in trust by Defendants in their capacity as fiduciaries, as required by ERISA, 29 U.S.C. §1145, until Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

42.     ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

43.     Employer's unpaid contributions owed to the Funds became plan assets at the time they became due, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A) and as discussed under the terms of the Plans and Trust Agreements.

44.     Defendants, including the individual Defendants, had actual and/or constructive notice of the above-referenced Trust Agreements and their respective amendments.

45.     Thus, Shock Brothers accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds administered by Plaintiffs at the time

they became due as provided for in the Trust Agreement and Plan documents, and within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

46.     The Owner, officer, director and/or manager of Shock Brothers, Charles Shock, is considered a fiduciary of the Funds based upon the conduct and authority of said person, including, but not limited to, his personal exercise of discretionary authority and control over the unpaid fringe payments.

47.     The Owner, officer, director and/or manager of Shock Brothers, Daniel Shock, is considered a fiduciary of the Funds based upon the conduct and authority of said person, including, but not limited to, his personal exercise of discretionary authority and control over the unpaid fringe payments.

48.     Employer has failed to pay all of the fringe benefit contributions owed the Funds on said project.

49.     The individual Defendant, Charles Shock, as owner, officer, director and/or manager of Shock Brothers, personally exercised authority and control over Employer's unpaid fringe benefit contributions, which constitute assets of the Funds.

50.     By directing that Shock Brothers' assets, which were owed to the Funds, be paid to other creditors instead of being deposited with the ERISA fringe benefits, Charles Shock failed to discharge his fiduciary duty with respect to the plan by failing to act solely in the interest of the participants and beneficiaries as required by ERISA §404(a)(1); 29 U.S.C. §1104(a)(1).

51.     As a result, Charles Shock breached his fiduciary duty to the Funds and is personally liable to the Funds for such breach.

52.     The individual Defendant, Daniel Shock, as owner, officer, director and/or manager of Shock Brothers, personally exercised authority and control over Employer's unpaid fringe benefit contributions, which constitute assets of the Funds.

53.     By directing that Shock Brothers' assets, which were owed to the Funds, be paid to other creditors instead of being deposited with the ERISA fringe benefits, Daniel Shock failed to discharge his fiduciary duty with respect to the plan by failing to act solely in the interest of the participants and beneficiaries as required by ERISA §404(a)(1); 29 U.S.C. §1104(a)(1).

54.     As a result, Daniel Shock breached his fiduciary duty to the Funds and is personally liable to the Funds for such breach.

55.     The Funds have been damaged in an amount to be determined as a consequence of these breaches.

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

a.     Enter a judgment in the Plaintiffs' favor against Shock Brothers, Charles Shock, and Daniel Shock for $67,084.90, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and any other sums that may become due during the pendency of this action;

b.     That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

c.     Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA CATENACCI
MCDONALD & BAAS, PLLC

By: */s/Edward J. Pasternak*
Edward J. Pasternak (P58766)
Attorneys for Plaintiffs
888 West Big Beaver Road, Suite 600
Troy, MI  48084
(248) 354-0380
ejp@novaralaw.com

Dated:    January 24, 2022

W:\Employee Benefits-Labor - Corporate\ERISA Clients\Tile Marble & Terrazzo\Litigation\Shock Brothers\Shock Brothers Complaint Final.docX